UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC AUMUELLER and CHRISTOPHER
AUMUELLER,

        Plaintiffs,                       Case number 07-12584
                                                        Honorable Julian Abele Cook, Jr.

v.

FIFTH THIRD BANCORP,

        Defendant.

ORDER

On June 18, 2007, the *pro se* Plaintiffs, Eric and Christopher Aumueller, filed this lawsuit in an apparent claim that a series of stop-payment orders by the Defendant, Fifth Third Bancorp, when coupled with the subsequent closing of their bank accounts, caused them to sustain damages, including an eviction from their home.[1]

On February 29, 2008, the Fifth Third Bancorp filed a motion to dismiss the complaint. Fed.R.Civ.P.12(b)(6). On May 19, 2008, Magistrate Judge Virginia Morgan, to whom this matter had been referred for an evaluation, submitted her report in which she recommended that the Court grant the Fifth Third Bancorp's motion. As of this date, no objection to this report has been filed by either party.

---

[1] On February 11, 2008, the Aumuellers, acting in response to a directive from the Court, filed an amended complaint which was ostensibly designed to clarify the otherwise vague and indecipherable claims in their original complaint. Although their complaint was lengthier than the original pleading, it was equally indecipherable, in that it included many factual allegations which are completely unrelated to the activities of the Fifth Third Bancorp.

1

I.

In 2006, Eric and Christopher Aumueller maintained two bank accounts with Fifth Third Bancorp, both of which were overdrawn by them in May and June of that year. In response to this negative bank activity by the Aumuellers, the Fifth Third Bancorp advised both of them that if the overdrafts were not satisfied immediately, their accounts would be closed. Following the passage of several weeks without any corrective activity by the Aumuellers, the Fifth Third Bancorp closed their bank accounts. It is this activity, about which the Aumuellers strongly complain, alleging that the closing of their bank accounts was reported to credit agencies, which, in turn, caused them to be precluded from ever opening another bank account.

II.

Whenever, a plaintiff acts without the benefit of an attorney, complaints are generally liberally construed and not held to the same stringent standard as those formal pleadings that have been drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). These complaints are entitled to special care to determine whether any possible set of facts would entitle the plaintiff to relief. *Hughes v. Rowe*, 449 U.S. 5, 10 (1980). Courts are reluctant to dismiss *pro se* complaints on procedural grounds alone. However, it is not the role of the court to guess the nature of the claims asserted. *Wells v. Brown*, 891 F.2d 591, 591 (6th Cir. 1989). A court is required to dismiss any *in forma pauperis* complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2); *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999).

Here, the Aumuellers' complaint is clearly frivolous, in that it is not well grounded in fact or law and fails to state a claim for which relief can be granted. Although the Aumuellers have

2

made reference to several statutes in their complaint,[2] they have not articulated a clear claim under any of them. The only statute that has any arguable reference to the issues in this case or to an institution such as the Fifth Third Bancorp is the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. However, this federal statute does not have any applicability or relevancy to the case at hand because no specific allegations have been made by either of the Aumuellers which relate to a claim under this Act. In summary, there is simply no reasonable way to read their complaint so that it asserts an actionable claim of any kind against the Fifth Third Bancorp.

III.

Accordingly and for the reasons that have been set forth above, (1) Fifth Third Bancorp's motion to dismiss must be, and is, granted, and (2) the report and recommendation by the Magistrate Judge Morgan is adopted.

IT IS ORDERED.

Dated: September 8, 2008           s/ Julian Abele Cook, Jr.
       Detroit, Michigan          JULIAN ABELE COOK, JR.
                             United States District Court Judge

---

[2] These references are generally to such various statutes as 28 U.S.C. § 636(B)(1)(A), which deals with the authority of magistrate judges, and 42 U.S.C. § 3604, which prohibits discrimination in the rent and sale of housing. Moreover, the Aumuellers, in their complaint, make vague mention of "additional protections and remedies under, previously submitted jurisdictions, codes and laws, to include the Fair Credit Reporting Act, the Fair Credit Act, the Banking Act, the Fair Credit and Collections Act, Fair Labor Standards Act and Title 18 and all other applicable relief. . . ." (Pl.'s Amended Compl. at 6.)

Certificate of Service

      I hereby certify that on September 8, 2007, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                                           s/ Kay Alford
                                                           Courtroom Deputy Clerk